On Rehearing.
 

 By the Court.
 

 Upon application for rehearing it was made to appear, by recourse to the bill of exceptions allowed by the court of common pleas, that the testimony appearing as the testimony of Stillman George of that which he related to his wife, in the bill of exceptions allowed by the Court of Appeals, “ ‘Well,’ he says, ‘you know that those homes are in the statement, and that you mailed that statement through the mails, and that you are criminally liable, and it’s up to you to get those mortgages or suffer the consequences,’ ” in fact was his testimony of the conversation between himself and Mr. Moeller; and that such testimony is located in a wrong association in the bill of exceptions here by reason of the fact that such record was made by reading from the bill of exceptions allowed in the court of common pleas and for some reason the reading was not consecutive.
 

 
 *575
 
 The statement in the opinion that Mr. George nowhere testified that Mr. Moeller threatened him with criminal prosecution is therefore erroneous. This correction, however, does not warrant a different judgment, since the evidence of Mr. George, plus such inference, if any, as may be drawn from the fact of the placing of the financial statements with his attorney and the attorney of Mrs. George, at her request, as trustee for all parties, does not, in the face of the other evidence contained in the record, amount to clear and convincing proof that a threat was in fact made by the Standard Sanitary Manufacturing 'Company; nor does it appear-by that degree of proof that Mrs. George was under duress at the time she executed this particular mortgage, in the face of the evidence in the record that this mortgage was executed after the termination of the trust and after the Standard Sanitary Manufacturing Company had surrendered all dominion over the financial statements. '
 

 Former judgment adhered tp.
 

 Marshall, C. J., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.